UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CORDELL ALEXANDER WARREN,

v.  Case No. 3:07-cr-297-J-33TEM
 3:09-cv-478-J-33TEM

UNITED STATES OF AMERICA.

**O R D E R**

This cause is before the Court on Defendant Cordell Alexander Warren's timely-filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-21). A review of the record demonstrates that the motion to vacate must be **denied.**

PROCEDURAL HISTORY

On November 13, 2007, Warren waived Indictment and was charged by Information with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Doc. cr-1). On January 23, 2008, Warren entered a guilty plea to the Information, pursuant to a written plea agreement. (Doc. cr-10). On May 28, 2008, Warren was sentenced to 51 months imprisonment. (Doc. cr-19). Pursuant to the terms of the plea agreement, no direct appeal was filed. On May 29, 2009, Warren filed his timely motion pursuant to 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel

at sentencing.

## WAIVER

The record reflects that Warren made a knowing and voluntary waiver of his right to attack his conviction, either directly or collaterally. See Plea Agreement (Doc. cr-10 at 9-10); Change of Plea Transcript (Doc. cr-22 at 23-24). It is well settled that such waivers are enforceable. The right to appeal is a statutory right that can be waived knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993); *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997). In fact, the Eleventh Circuit has held that a knowing and voluntary sentence appeal waiver effectively waives attacks on sentences, including those asserting a claim of ineffective assistance of counsel. *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005). Therefore, enforcement of such a waiver requires only (1) that the district court specifically questioned Warren concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy; or (2) that it is manifestly clear from the record that Warren otherwise understood the full significance of the waiver. *Benitez-Zapata* 131 F.3d 1446 (citing *Bushert*, 997 F.2d at 1343). The critical inquiry is not the extent to which the district court reviewed the sentence appeal waiver but the extent to which the record demonstrates Warren's knowledge and understanding of the waiver. *See United States v. Bushert*, 997 F.2d at 1351 (the defendant's knowledge and understanding of the waiver are among the components that constitute the core concerns of defendant's right to be aware of the direct consequences of his guilty plea).

In this instance, the Court carefully questioned Warren concerning the sentence appeal waiver during the Rule 11 colloquy, and Warren's responses to this inquiry demonstrate that he understood the waiver:

| | |
|---|---|
| THE COURT: | All right. Mr. Warren, I'm going to cover certain parts of this agreement. I will not cover the entire agreement. |
| | There is, first, a waiver of right to appeal in here. Ordinarily - - this begins on page 9. Ordinarily you would have the right to appeal the sentence on any ground that you believe is appropriate, including an incorrect application of the sentencing guidelines, but under this plea agreement you're waiving and giving up your right to appeal, except on four specific grounds: One would be the ground that the sentence exceeds the applicable guideline range as determined by the Court under the guidelines; secondly, that the sentence exceeds the statutory maximum penalty; third, that the sentence violates the 8th Amendment to the Constitution; or, lastly, if the United States exercises its right to appeal that I mentioned, then you would be released from the waiver and you also could appeal. But except in those four circumstances, you're waiving and giving up your right to appeal. Do you understand that? |
| DEFENDANT WARREN: | Yes, sir. |
| THE COURT: | And by appeal, I include both a direct appeal that has to be taken within ten days of sentencing, as well as what is called a habeas or collateral attack, which is a statutorily allowed procedure to prisoners serving a sentence in many cases. But in this agreement you're also waiving and giving up your right to appeal both direct sentences - - direct appeal, rather, as well as the collateral or habeas attack. Do you understand that? |
| DEFENDANT WARREN: | Yes, sir. |

(Doc. cr-22 at 23-24). Clearly, the record reflects that Warren understood the waiver, and the waiver should be enforced.

3

At the time Warren voluntarily waived his right to challenge his sentence, he knew that there was a statutory range of imprisonment from no less than five years imprisonment up to forty years. *Id.* at 7. Warren's guidelines range of imprisonment was subsequently calculated at between 78-97 months. See Sentencing Transcript (Doc. cr-23 at 5). In recognition of substantial assistance provided to law enforcement by Warren, the United States filed a motion for downward departure pursuant to sentencing guidelines section 5K1.1, recommending a four-level reduction in Warren's offense level and lowering the range of imprisonment to between 51 and 63 months. (Doc. cr-23 at 25). Defense counsel argued strenuously for a further reduction, causing the Court to recognize that he had done an "admirable job" on behalf of his client. (Doc. cr-23 at 23). Ultimately, however, Warren's arguments were rejected by the Court, and he was sentenced at the low end of his adjusted guidelines range of 51 months. *Id.* at 39. Notably, this sentence was nine months less than required by the statutory minimum of sixty months.

Moreover, the filing of this 28 U.S.C. § 2255 motion violates the terms of the plea agreement. Indeed, for this Court to entertain the issues raised in this collateral attack would permit Warren a challenge in contravention of the plain meaning of his plea agreement and deny the United States the benefit for which it bargained. *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997); *see also United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions, "he cannot have his cake and eat it too"). Here, Warren admitted his guilt and agreed not to collaterally attack his sentence in exchange for the United States' agreement to, among other things, recognize Warren's substantial assistance, and ultimately file a motion endorsing a significant reduction in sentence for the defendant. (See Doc. cr-16 --

United States' section 5K1.1 motion); (Doc. cr-23 at 5-7, 41). Warren cannot now circumvent the unambiguous terms of his plea agreement.

## DISCUSSION OF FACTUAL ALLEGATIONS

Title 28, United States Code, Section 2255, allows attack on a conviction and sentence on only four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. *E.g., United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

Warren seeks review of his sentence, claiming that he was denied his Sixth Amendment right to effective assistance of counsel during his sentencing proceeding. Ineffective assistance of counsel claims are generally reviewable only on collateral attack, pursuant to 28 U.S.C. § 2255. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Claims of ineffective assistance excuse failure to raise other claims if ineffective assistance of counsel is the cause for the failure to raise the claim. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

### Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). To prevail on a claim of ineffective assistance of counsel, a defendant must meet the "cause" and "prejudice" requirements established by *Strickland v. Washington*, 466 U.S. 668 (1984). That is, Warren must show (1) that his counsel's representation was deficient, and (2) that this deficient representation

prejudiced Warren. *Strickland v. Washington*, 466 U.S. at 687; *see also Baxter v. Thomas*, 45 F.3d 1501, 1512 (11th Cir. 1995). A court need not address both components of the inquiry if Warren makes an insufficient showing on one component. *Id.*; *see also Weeks v. Jones*, 26 F.3d 1030,1037 (11th Cir. 1994).

In determining whether the first portion of the test has been met, the proper standard is "reasonably effective assistance[,]" or "whether counsel's representation fell below an objective standard of reasonableness." *Weeks v. Jones*, 26 F.3d at 1036. Application of this standard requires that judicial scrutiny of counsel's performance be highly deferential; a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Even if the court finds some deficiency in the performance of counsel, a defendant is not entitled to relief on ineffective assistance grounds unless the second prong of the *Strickland* test is met. *United States v. Hilliard*, 752 F.2d 578, 580 (11th Cir. 1985). Under the second prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When a defendant fails to make a sufficient showing of prejudice, this Court need not even address the adequacy of counsel's performance. *Strickland*, 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Finally, every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Weeks v. Jones*, 26 F.3d at 1036; *Diaz v.*

*United States*, 930 F.2d 832 (11th Cir. 1991). A court must examine the "totality of the circumstances" in determining whether the counsel a defendant received was constitutionally sufficient and effective. *McCoy v. Newsome*, 953 F.2d 1252, 1263 (11th Cir. 1992).

Warren claims that his counsel's representation was constitutionally deficient when counsel failed to challenge Warren's prior felony conviction in a state case. He claims he requested that counsel collaterally attack his prior conviction and seek to delay his federal sentencing hearing pending the outcome of that litigation. He argues that if counsel had done so, Warren would have been eligible for relief under the "safety valve," the effect of which would have allowed the Court to sentence Warren without regard to the statutory minimum sentence of five years imprisonment.[1] Warren claims that at the time he entered his plea, counsel assured him that, under the circumstances, the Court could ignore the statutory minimum. The record reflects that, in fact, counsel's advice was correct, the result being that Warren can show no prejudice.

Warren filed a copy of his state motion challenging his state court conviction to his federal motion to vacate. His state court motion **does not include** a claim of innocence to the state charge. His sole claim is that his plea was unknowing and involuntary because state court counsel failed to apprise him of the future collateral consequences of entering a plea, that is, the potential for an increased sentence should Warren commit another drug trafficking crime. Warren complains that the first he learned of this consequence was during

---

[1] Title 18, United States Code, Section 3553(f) is commonly referred to as the "safety valve" because it allows a sentencing court to impose sentence without regard to a statutory minimum mandatory sentence if five specific factors are present.

his interview with the United States Probation Office. (See Doc. cv-3 at 14).

In support of his state motion, Warren cites *Rodriguez v. State*, 824 So.2d 328, (Fla. 3d DCA 2002), holding that a defendant's late collateral challenge was deemed timely after Warren learned of the adverse civil consequences of his plea. Recently, this holding was strongly disagreed with in an *en banc, per curiam* opinion published at *Marshall v. State*, 983 So.2d 680 (Fla. 4th DCA 2008) (again addressing civil consequences of a guilty plea), notably recognizing "[t]he same consequences may follow if the defendant withdraws the plea and is convicted at trial." *Id.* at 682. Additionally, the *Marshall* Court specifically held that a defendant seeking to challenge his plea on the basis of collateral consequences must do so within two years after his conviction became final. *Id.* Warren's prior state conviction was final in 2002, and he is without recourse to challenge the conviction in 2009.

Here, Warren would have to show that the failure of counsel to warn his client of potential criminal collateral consequences of his guilty plea is required to render his plea unconstitutional. The law in the Eleventh Circuit is clear: neither the court nor counsel are derelict in their duty to instruct a defendant of the potential enhancing effect on a subsequent criminal sentence. *McCarthy v. United States*, 320 F.3d 1230, 1234 (11th Cir. 2003).

Ultimately, the question here remains whether Warren's prior conviction impacted his sentence. The United States recognizes that the sentencing court noted Warren's previous drug offense when considering the required section 3553 factors before imposing sentence. (Doc. cr-23 at 43). Nonetheless, the Court imposed sentence below the minimum mandatory 60-month term (to a sentence of 51 months). Therefore, even if Warren had the benefit of the safety valve, he cannot show that the absence of his prior conviction would

have resulted in a lower sentence. Further evidence of this is the fact that, at sentencing, the prosecutor unequivocally stated that Warren was entitled to no more than a four-level departure, and the Court agreed, even over defense counsel's "admirable" arguments for a greater departure. (Doc. cr-23 at 7, 15-18, 19-20, 23). Specifically, the Court recognized the United States' position with respect to sentencing recommendations and stated that it "place[s] great weight on what the United States says with respect to these motions for departure[.]" *Id.* at 16-17. The United States argued successfully that Warren was entitled to a four-level reduction of his offense level and sentencing at the low end of that range. *Id.* at 19. The recommended sentence fell below the statutory minimum mandatory sentence, which was established by the amount of drugs involved in the offense, and not the fact of the prior state conviction. Warren can show no prejudice resulting from counsel's representation at sentencing. Rather than falling below a reasonable standard, counsel's representation was notably above that standard in this case, and Warren's claim to the contrary is belied by the record, is wholly without merit, and does not warrant relief.

## ABEYANCE

This Court has specifically inquired whether it is appropriate to hold Warren's section 2255 motion in abeyance pending the outcome of his collateral litigation involving his prior state conviction. In this case, holding the federal motion to vacate in abeyance is unnecessary, because even if Warren's challenge to his state plea is successful, it would have no bearing on his federal sentence as imposed.

Accordingly, the Court orders:

That Warren's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-21) is denied. The Clerk is directed to enter judgment in the

civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 18, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Julie Hackenberry Savell
Cordell Alexander Warren